IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE EDUARDO ZAMUDIO
QUIROGA,

    Petitioner,

v.                                    Case No:    6:23-cv-602-CEM-DCI

KAREN VANESSA ROSALES
DE LA HOZ,

    Respondent.
_____ /

## CONSENT FINAL JUDGMENT AND ORDER FOR VOLUNTARY RETURN OF MINOR CHILDREN TO COLOMBIA

**THIS CAUSE** came on for consideration upon an Agreement, Settlement and Stipulation between Petitioner, JORGE EDUARDO ZAMUDIO QUIROGA, and Respondent, KAREN VANESSA ROSALES DE LA HOZ, as more accurately defined herein, to voluntarily return the minor children to Colombia.

Petitioner filed his Verified Petition for Return of Children to Colombia ("Verified Petition") under 22 U.S.C. § 9001, *et seq*., on March 21, 2023. (Dkt. 1). Respondent accepted service of the Petition through her counsel on April 18, 2023. The parties having entered into a stipulated settlement and Respondent stipulates to the facts in the Verified Petition for purposes of this Consent Final Judgment only

and consents to the entry of this Final Judgment and Order and the Court being otherwise advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This Court has subject-matter jurisdiction pursuant to 22 U.S.C. § 9003(a), (b), and 28 U.S.C. § 1331.

2. The Court has personal jurisdiction over the Respondent because she is residing in the Middle District of Florida.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(1) because Respondent resides in the district.

4. Petitioner and Respondent are the biological parents of the minor children, J.D.Z.R, born on October 6, 2012, and I.E.Z.R., born on July 27, 2015.

5. Colombia is J.D.Z.R.'s and I.E.Z.R.'s country of habitual residence.

6. The minor children, J.D.Z.R. and I.E.Z.R., shall be return to their habitual residence of Colombia without unnecessary delay as further outlined herein.

7. As agreed and stipulated by the Parties, Respondent shall make and coordinate arrangements for all travel associated with J.R.Z.R.'s and I.E.Z.R.'s travel to Barranquilla, Colombia, and Respondent shall be responsible for paying all costs of said travel arrangements for the minor children to Colombia as further outlined herein.

8. Respondent shall provide her Counsel, with the details of said travel and copy of J.D.Z.R.'s and I.E.Z.R.'s travel itinerary from Florida to Barranquilla, Colombia on or before May 10, 2023 who shall then provide Petitioner's counsel with a copy of said itinerary by e-mail at Robert@RobertEckardLaw.com in addition to providing a copy to the United States Marshall's Service, Orlando Division and the contact information of Respondent and Betsy De La Hoz, including cell phone numbers.

9. On or before June 15, 2023, Respondent shall return J.D.Z.R. and I.E.Z.R. to Barranquilla, Colombia by turning temporary custody of the minor children to Betsy De La Hoz (aka, temporary guardian), for the purpose of effectuating the return of the minor children, who will be acting as temporary guardian for the minor children and who will accompanying the minor children back to Barranquilla, Colombia to returning them to custody of Petitioner, JORGE EDUARDO ZAMUDIO QUIROGA.

10. The place of exchange between Respondent and Betsy De La Hoz for the minor children shall be Ft. Lauderdale International Airport.

11. The Clerk of Court is directed to release the seized travel documents: (1) Passport for J.D.Z.R., Passport No.: AZ983418; and (2) Passport for I.E.Z.R., Passport No.: AZ983414, to the designated United States Marshals who will be accompanying the minor children and Betsy De La Hoz through Ft.

Lauderdale Airport and escort them onto the airline departing directly to Barranquilla, Colombia.

12. The U.S. Marshals shall meet the minor children and Betsy De La Hoz at the Ft. Lauderdale International Airport on the date of travel to escort them on the airplane to Colombia.

13. At such time, the U.S. Marshals shall return the minor children's passports to the temporary guardian.

14. The Respondent is permitted to travel with the minor children and Betsy De La Hoz to the Ft. Lauderdale International Airport on the date of travel, and to stay with them until they are escorted onto the airplane to Barrenquilla, Colombia by the U.S. Marshals.

15. Petitioner's counsel shall notify the Court of the status of J.D.Z.R.'s and I.E.Z.R's return to Barranquilla, Colombia no later than June 30, 2023. Upon notification by Petitioner's counsel that the minor children have been returned to Barranquilla, Colombia, the Clerk of the Court shall immediately release Respondent's passport back to Respondent and/or Respondent's Counsel.

16. Additionally, this Court specifically grants permission to the Respondent to travel with the minor children to Miami, Florida from May 13, 2023 to May 14, 2023.

17. Respondent must return to the Middle District of Florida after this trip and remain within the Middle District of Florida (unless additional travel authorization is granted by this Court) until such time as the minor children are brought to the Ft. Lauderdale International Airport for their travel back to Barranquilla, Colombia as outlined herein.

18. The Consent Final Judgment resolves all issues contained in the Verified Petition for Return of Children to Colombia for purposes of this Court's jurisdiction, pursuant to Title 22 U.S.C. § 9001, *et seq.*, and under the authority of Article 7 of the 1980 Hague Convention, filed by Petitioner, JORGE EDUARDO ZAMUDIO QUIROGA, without necessity of a final hearing in this cause.

19. This Consent Final Judgment does not determine the merits of the any custody issues within the meaning of Article 19 of the Hague Convention.

20. This Consent Final Judgment is made under the authority of 22 U.S.C. § 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 7 of the 1980 Hague Convention.

21. The Temporary Restraining/Show Cause Order (Dkt. 4) granted by this Court on April 4, 2023 shall be dissolved or on the date Petitioner files with this Court a *Notification of Minor Children's Return to Colombia*, but no later than June 30, 2023.

22. Each party shall pay his or her own attorneys' fees, suit money, necessary expenses, and costs associated with this matter, and Petitioner waives any and all claims against Respondent under the Hague Convention and/or ICARA for necessary expenses and attorneys' fees.

AGREED TO on this 28th day of April, 2023.

X JORGE ZAMUDIO Q.
Jorge Eduardo Zamudio Quiroga
Petitioner

Karen Vanessa Rosales De La Hoz
Respondent

DATED: 04/28/2023

DATED: 4/28/23

/s/ Robert D. Eckard
ROBERT D. ECKARD, B.C.S.
Florida Bar No.: 0162655
LEAD TRIAL COUNSEL
ROBERT ECKARD & ASSOCIATES, P.A.
3110 Palm Harbor Blvd.
Palm Harbor, Florida 34683
(727) 772-1941 Telephone
(727) 771-7940 Facsimile
E-Mail: robert@roberteckardlaw.com
Counsel for Petitioner

DATED: 4-28-2023

/s/ Andrew C. Searle
ANDREW C. SEARLE, ESQ.
Florida Bar No: 0116461
LEAD TRIAL COUNSEL
SEARLE LAW, P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 3801
(407) 952-0642
E-mail: andrew@searle-law.com
Counsel for Respondent

DATED: 4/28/23

DONE and ORDERED in Chambers at Orlando, Orange County, Florida, this _____ day of April, 2023.

HON. CARLOS MENDOZA
United States District Judge

6

Scanned with CamScanner